IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV40-03-MU

| | |
|---|---|
| DAVID MARTIN BEASLEY YOUNG, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> BOYD BENNETT; BILLIE J. WEAVER; AND ) </br> HATTIE PIMPONG ) </br> ) </br> Defendants. ) </br> ) | **O R D E R** |

**THIS MATTER** comes before the Court on initial review of Plaintiff's Complaint under 42 U.S.C. § 1983, filed January 29, 2007 (Document No. 1.)

Plaintiff alleges in his Complaint against Boyd Bennett, Director of Prisons, Billie Weaver, Disciplinary Hearing Officer at Lanesboro Correctional Institution and Hattie Pimpong, Chief Disciplinary Hearing Officer that his due process were violated by Defendants because the evidence he requested was not provided to him in his defense at the disciplinary hearing.

## I. FACTUAL BACKGROUND

Plaintiff's Complaint and supporting documents establish that an inmate was assaulted on May 29, 2006 in the F-Block at Lanesboro Correctional Institution. Staff members responded but arrived after the fight was over. A confidential informant named thirteen individuals that were involved in the fight including the Plaintiff. Plaintiff was placed on administrative segregation pending the outcome of the investigation. On June 19, 2006 Plaintiff was given an opportunity to request evidence. Plaintiff requested that the victim be present at the hearing and also requested the

1

videotape from the F-Block from May 29, 2006 be provided as evidence on his behalf at his hearing.

Plaintiff was informed prior to the hearing, by letter from Assistant Superintendent Kevin King, that the information gathered during the investigation was confidential. However, the letter also assured Plaintiff that procedures were done correctly and that Plaintiff's rights were not being violated. Plaintiff's disciplinary hearing was held on June 30, 2006 at which time the hearing officer read Plaintiff the statement of the confidential informant and advised that the victim would not be present because of the threat of danger to him and the security tape was not available to view. Plaintiff was found guilty of the charge of assaulting an inmate. Plaintiff filed an appeal of the hearing officers' decision. On July 27, 2006 a re-investigation was ordered by Chief Disciplinary Officer Hattie Pimpong. On October 25, 2006 Plaintiff had a second disciplinary hearing. The hearing officer read the statement against Plaintiff and again found him guilty of assault on an inmate. Plaintiff filed a second appeal, which was denied. The denial of Plaintiff's second appeal was subsequently upheld. Because Plaintiff was found guilty of assaulting an inmate, he lost 40 days good time credit; was sentenced to 60 days in disciplinary segregation and placed on maximum control status for 180 days to be followed by intensive control status for an additional 180 days.

By way of relief, Plaintiff asks this Court to find that his due process rights were violated and order a "retrial in which [Plaintiff] be allowed to present evidence." (Complaint at 5.)

## II ANALYSIS

The Supreme Court in Wolff v. McDonnell, 418 U.S. 539 (1974) held that when a liberty interest is at issue, certain procedural safeguards must be followed. The Supreme Court has gone on to state however, that not all punishment that a prisoner may receive is subject to the procedural safeguards of Wolff. Instead, a prisoner must establish that his punishment is "the type of atypical,

2

significant deprivation in which a State might conceivably create a liberty interest." Sandin v. Conner, 515 U.S. 472 (1995). The Court admitted that "prisoners do not shed all constitutional rights at the prison gate," Wolff, 418 U.S. at 555, but stated that "'lawful incarceration brings about the necessary withdrawal or limitations of many privileges and rights, a retraction justified by the considerations underlying our penal system.'" Jones, 433 U.S. at 125, quoting Price v. Johnston, 334 U.S. 266 (1948). The Court concluded that "[d]iscipline by prison officials in response to wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. 472, 485 (1995) (holding that segregated confinement did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest). The Court has also stated that a decision by a disciplinary board to revoke good-time credits passes scrutiny under the Due Process Claus if there is some evidence in the record to support the conclusions. Superintendent, Mass. Correctional Inst. v. Hill, 472 U.S. 445, 454 (1985). "The fundamental fairness guaranteed by the Due Process Clause does not require courts to set aside decisions of prison administrators that have some basis in fact. Revocation of good time credits is not comparable to a criminal conviction, and neither the amount of evidence to support such a conviction, nor any other standard greater than some evidence applies in this context." Id. at 456 (internal citations omitted). Therefore, federal Courts will not review the entire record, weigh evidence or assess witness credibility. Id. at 455-56. A disciplinary board's findings will be disturbed only when unsupported by any evidence or wholly arbitrary and capricious. Id. at 457; see also Baker v. Lyles, 904 F.2d 925, 933 (4th Cir. 1990) (record of prison disciplinary hearing need not establish reliability of confidential informant to meet "some evidence" standard.)

      Plaintiff's main argument that he believes supports his claim that his due process rights were

3

violated is that the evidence he requested in his defense was denied at his hearing. Plaintiff requested that the victim of the assault be present and/or make a statement and that a video tape that may have proven his claim of innocense be permitted as evidence during the disciplinary process. Assuming for the moment that Plaintiff has established that a liberty interest of the type discussed in Wolff is at stake, Plaintiff has received the due process to which he is entitled. Plaintiff concedes that he was served with a notice of the charge against him, was given an opportunity to make a statement on his behalf and to request evidence, received an initial hearing on the charge and received a second hearing following his appeal of the decision of the first hearing. The Court finds, as outlined in Superintendent, Mass. Correctional Institution v. Hill, that there was "some evidence" to support the decisions of the disciplinary officer in that a confidential informant stated that Plaintiff played a role in the assault. Id. at 454. Moreover, Plaintiff was given the benefit of a second hearing after a re-investigation. While it might have been better for the videotape from May 29, 2006 of the F-block, to the extent it exists, to have been viewed in connection with Plaintiff's discipline for an assault on an inmate, this Court is not going to order that it must be done now. Moreover, Wolff does not require that the victim be present or provide a statement at his attacker's disciplinary hearing. Instead, Wolff, allows for an inmate to call witnesses and present evidence in his defense when permitting hi to do so will not ne unduly hazardous to institutional safety to correctional goals. Id. at 566.

After careful review of the Plaintiff's Complaint and the supporting documents, the undersigned finds that there is some evidence to support the hearing officer's decision of Plaintiff's guilt and as such Plaintiff received the due process to which he was entitled. Furthermore, Wolff does not require that a victim be present at his attacker's disciplinary hearing and Defendant's refusal

4

to allow the video tape to be viewed does not violate the safeguards outlined in <u>Wolff</u>. Plaintiff's Complaint shall be dismissed for failure to state a claim for relief.

## **ORDER**

**NOW, THEREFORE, IT IS HEREBY ORDERED that** Plaintiff's Complaint is dismissed.

**SO ORDERED**.

Signed: February 5, 2007

Graham C. Mullen
United States District Judge